UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD L. KING II | ) | CASE NO. |
| 3194 Dotwood St. NW Apt. N | ) | |
| North Canton, OH 44720 | ) | JUDGE |
| | ) | |
| *On behalf of himself and all others* | ) | **PLAINTIFF'S COLLECTIVE** |
| *similarly situated,* | ) | **ACTION COMPLAINT** |
| | ) | |
| Plaintiff, | ) | (Jury Demand Endorse Herein) |
| | ) | |
| *v.* | ) | |
| | ) | |
| BAILEY'S QUALITY PLUMBING AND | ) | |
| HEATING LLC | ) | |
| *c/o* Statutory Agent Philip Lee Bailey | ) | |
| 8616 Fromes Ave NE | ) | |
| Canton, OH 44721 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| PHILIP LEE BAILEY | ) | |
| 8616 Fromes Ave NE | ) | |
| Canton, OH 44721 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Richard L. King II, by and through counsel, and for his Collective Action

Complaint against Defendants Bailey's Quality Plumbing and Heating LLC, and Philip Lee

Bailey (hereinafter referred to collectively as "Defendants"), states and alleges the following:

**INTRODUCTION**

1.      Plaintiff brings this case to challenge the policies and practices of Defendants that

violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of

the State of Ohio. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C.

§ 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may

be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5.      At all times relevant, Plaintiff Richard L. King II was a citizen of the United States and a resident of Stark County, Ohio.

6.      Defendant Bailey's Quality Plumbing and Heating LLC is an Ohio limited liability company with its principal place of business in Canton, Ohio. According to records maintained by the Ohio Secretary of State, Bailey's Quality Plumbing and Heating LLC's statutory agent for service of process is Philip Lee Bailey, 8616 Fromes Ave NE. Canton, OH 44721. [1]

7.      Defendant Philip Lee Bailey is, upon information and belief, a citizen of the United States and a resident of Stark County, Ohio. Defendant Philip Lee Bailey is an owner and

---

[1] https://businesssearch.ohiosos.gov/?=businessDetails/1874500 (accessed March 16, 2020).

operator of Defendant Bailey's Quality Plumbing and Heating LLC. Defendant Philip Lee Bailey

is sued in his individual capacity.

## FACTUAL ALLEGATIONS

### Defendants' Business

8.      Defendants are owners and operators of a plumbing and heating company [2]

operating out of 3200 Lee Road, North Canton, Ohio 44720.

### Defendants' Statuses as Employers

9.      At all times relevant, Defendants were employers within the meaning of the

FLSA, 29 U.S.C. § 203(d) and O.R.C. §§ 4111.01, *et seq*. and employed non-exempt hourly

employees, including Plaintiff and the other members of the FLSA Collective.

10.      At all times relevant, Defendant Philip Lee Bailey was an employer pursuant to

29 U.S.C. § 203(d) in that Defendant Philip Lee Bailey was a "person [who] act[ed] directly or

indirectly in the interest of an employer," Bailey's Quality Plumbing and Heating LLC, "in

relation to employees," including Plaintiff and the other members of the FLSA Collective.

Defendant Philip Lee Bailey had operational control over significant aspects of Bailey's Quality

Plumbing and Heating LLC's day-to-day functions, including compensation of employees

including Plaintiff and the other members of the FLSA Collective. Defendant Philip Lee Bailey

was also an employer pursuant to O.R.C. §§ 4111.01, *et seq*.

11.      At all times relevant, Defendants were an enterprise within the meaning of 29

U.S.C. § 203(r).

12.      At all times relevant, Defendants were an enterprise engaged in commerce or in

the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

---

[2] http://www.baileysqualityplumbingandheating.com (accessed March 16, 2020).

13.     Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

14.     Defendants were each employers of Plaintiff and the other members of the FLSA Collective as each Defendant exercised the power to hire or fire employees; supervised and controlled employees' work schedules or conditions of employment; determined employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

### Plaintiff's and the FLSA Collective's Employment Statuses with Defendants

15.     Plaintiff Richard L. King II has worked for Defendants as an hourly plumber since approximately January 2018.

16.     Part of Plaintiff's job duties included regularly handling multiple goods and products that have been produced or moved in interstate commerce. Part of Plaintiff's job duties included handling and operating equipment and accessories that were manufactured and distributed in interstate commerce that were necessary for Defendants' commercial purpose.

17.     At all times relevant, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

18.      At all times relevant, Plaintiff and the FLSA Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

### Defendants' Failure to Pay Overtime Compensation

19.     The FLSA required Defendants to pay their non-exempt employees, including Plaintiff and the FLSA Collective, overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty (40) hours in a workweek.  29 U.S.C. § 207. Ohio law likewise required Defendants to pay overtime compensation to their non-exempt

employees, including Plaintiff and the FLSA Collective, at the rate of one and one-half times their regular rate for the hours they worked in excess of forty (40). O.R.C. §§ 4111.03, 4111.10.

20.     Plaintiff and the FLSA Collective regularly worked forty (40) or more hours per workweek for Defendants. For example, during the workweek ending September 6, 2019, Plaintiff's paystubs demonstrate that Plaintiff worked at least 44 hours. Defendants, however, did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rates for all the hours they worked in excess of forty (40) hours.

21.     Plaintiff and the FLSA Collective are required to report each day to Defendants' business premises, where Plaintiff and the FLSA Collective drive or ride in Defendants' vehicles to the assigned work site. At the end of the workday, Plaintiff and the FLSA Collective are required to leave the assigned work site and again report to Defendants' business premises. Plaintiff and the FLSA Collective frequently travel one hour or more daily to and from the assigned work site. On other days, this compensable drive time regularly exceeds one-half hour.

22.     Pursuant to the FLSA, "[t]ime spent by an employee in travel as part of his principal activity … must be counted as hours worked." For example, "[i]f an employee normally finishes his work on the premises at 5 p.m. … and is required to return to his employer's premises … all of the time is working time." 29 C.F.R. § 785.38. *See also* 29 C.F.R. § 785.39.

23.     As Plaintiff and members of the FLSA Collective were required to report to Defendants' business premises at the end of the workday, they should have been paid until the time they completed their days work, including the time spent driving back to Defendants'

business premises and for any other work performed at Defendants' business premises. However, Plaintiff and the FLSA Collective were not paid for this time.

24.     Defendants' did not, in violation of the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.38, pay Plaintiff and the FLSA Collective for time spent traveling back to Defendants' business premises and for any other work performed at Defendants' business premises at the end of the work day. Defendants instead compensated Plaintiff and the FLSA Collective only until when they left the assigned work site.

25.     The unpaid work described above was required by Defendants, was performed for Defendants' benefit, and constituted part of hourly employees' principal activities and/or was integral and indispensable to their principal activities.

26.     In addition, Defendants "docked," misreported, edited, modified, and/or altered Plaintiff's and the FLSA Collective's timekeeping records and/or avoided paying Plaintiff and the FLSA Collective for all compensable time. *See* 29 C.F.R. § 785.11.

27.     In addition, the FLSA and Ohio law required Defendants to pay overtime compensation to their hourly employees at one and one-half times their "regular rate" of pay, and to include in the calculation of their regular rates "all remuneration for employment paid to, or on behalf of, the employee..." 29 U.S.C. § 207(e); O.R.C. § 4111.03(A) (incorporating FLSA standards).

28.     Defendants unlawfully failed to calculate Plaintiff's and members of the FLSA Collective's "regular rates" for the purposes of overtime compensation during weeks when they worked more than forty (40) hours and were paid at multiple hourly rates. *See* 29 C.F.R. § 778.115. Defendants miscalculated the regular rate for hourly employees, including Plaintiff and the members of the FLSA Collective.

29.     Defendants' failure to compensate Plaintiff and the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

<b>Defendants' Record Keeping Violations</b>

30.     The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

31.     Defendants failed to keep accurate records of hours and overtime worked. Thus, Defendants did not record or pay overtime hours in violation of the FLSA and Ohio law.

<b>The Willfulness of Defendants' Violations</b>

32.     Defendants knew that Plaintiff and the FLSA Collective were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

7

33.     Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

34.     The above payroll practices resulted in overtime violations of the FLSA, 29 U.S.C. §§ 201-219, and O.R.C. Chapter 4111.

## COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

37.     The FLSA Collective consists of:

All present and former hourly employees of Defendants during the period of three years preceding the commencement of this action to the present.

38.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt hourly employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

39.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

40.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of approximately 10 persons. Such persons are

readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

<u>**COUNT ONE**</u>
**(FLSA Overtime Violations)**

41.　　Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42.　　Plaintiff brings this claim for violation of the FLSA's overtime provisions.

43.　　The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

44.　　Plaintiff and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

45.　　Defendants did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

46.　　By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

47.　　As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

9

## COUNT TWO
### (Ohio Overtime Violations)

48.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

50.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

51.     Defendants' failure to properly compensate overtime hours violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

52.     These violations of Ohio law injured Plaintiff and the FLSA Collective in that they did not receive wages due to them pursuant to that statute.

53.     Having injured Plaintiff and the FLSA Collective, Defendants are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law." O.R.C. § 4111.10.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A.    Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.    Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C.    Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

D.    Award Plaintiff compensatory and punitive damages, his costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)
MCDERMOTT LAW LLC
11925 Pearl Road, Suite 310
Strongsville, Ohio 44136
P: (216) 367-9181 | F: (440) 846-1625
kevin@mcdermottattorney.com

*Attorney for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)
