UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD L. KING II, on behalf of himself and all others similarly situated, | ) ) ) ) | Case No. 5:20-cv-00571 |
| | ) | Judge J. Philip Calabrese |
| Plaintiff, | ) ) | Magistrate Judge Thomas M. Parker |
| v. | ) ) ) | |
| BAILEY'S QUALITY PLUMBING AND HEATING LLC, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**OPINION AND ORDER**

Plaintiff Richard L. King brings this suit as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Plaintiff moves for conditional class certification, opt-in identification discovery, and Court-supervised notice to potential opt-in plaintiffs. (ECF No. 9.) The parties have fully briefed the matter. For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

STATEMENT OF FACTS

A.  Alleged Violations of the Fair Labor Standards Act

Defendant Philip Lee Bailey owns and operates Defendant Bailey's Quality Plumbing and Heating LLC, a company in Canton, Ohio. (ECF No. 17, ¶¶ 6–7, PageID #155.) Plaintiff Richard L. King worked for Defendants as an hourly plumber since approximately January 2018. (*Id.*, ¶ 15, PageID #157.) Plaintiff alleges Defendants failed to pay him and other employees for overtime hours in accordance

with the Fair Labor Standards Act as the result of a company-wide policy not to pay for travel time from a worksite to the business premises at the end of the day. (*Id.*, ¶¶ 19–20, PageID #157.) That is, they were paid for time traveling to and at the worksite, but not time traveling back from it.

According to Plaintiff, he and other similar plumbing employees are required to report to Bailey's business premises at the start of the workday. (*Id.*, ¶ 21, PageID #158.) From there, they drive in Defendants' vehicles to the assigned worksite. (*Id.*) At the end of the day, Mr. King and other employees are required to leave the worksite and return to the business premises. (*Id.*) According to Mr. King, this travel time "regularly exceeds one-half hour" and is compensable under the Act. (*Id.*, ¶¶ 21–22, PageID #158 (citing 29 C.F.R. §§ 785.38 & 785.39).)

Despite this time being compensable, Defendants allegedly did not pay Mr. King and other employees for return travel time at the end of the day. (*Id.*, ¶ 24, PageID #158.) Defendants only compensated Mr. King and other employees up until they left the assigned worksite. (*Id.*) Further, Defendants allegedly "docked, misreported, edited, modified, and/or altered . . . timekeeping records and/or avoided paying Plaintiff and the FLSA Collective for all compensable time," failed to accurately calculate overtime compensation, and "failed to keep accurate records of hours and overtime worked." (*Id.*, ¶¶ 26–28 & 31, PageID #159 & 160.) Based on these allegations, Mr. King claims Defendants violated the Fair Labor Standards Act and Ohio's overtime compensation statute.

B.   **Collective Class Allegations**

Plaintiff brings these claims on behalf of himself and Bailey's plumbers or employees with similar titles and duties.  He seeks conditional certification of the following class:

> All present and former hourly plumbing employees and employees with similar job titles or duties (including plumbing helpers, apprentices, and laborers) of Bailey's Quality Plumbing and Heating LLC during the period of three years preceding the commencement of this action [March 16, 2017] to the present.

(ECF No. 17, ¶ 46, PageID #162.)  The proposed notice to potential class members explains that the lawsuit alleges Defendants failed to pay "plumbers, plumbing helpers, apprentices, and laborers overtime compensation for all hours worked over 40 per week, including travel time at the end of the workday." (ECF No. 9-4, PageID #83.)

According to Plaintiff, the defined class is similarly situated to Mr. King because they "all were non-exempt hourly employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendants for unpaid overtime compensation" and other damages.  (ECF No. 17, ¶ 47, PageID #162.)  Plaintiff claims the class consists of about 10 persons and that those "persons are readily identifiable through the payroll records Defendants have maintained . . . ." (*Id.*, ¶ 49, PageID #162–63.)

Plaintiff submitted Mr. King's declaration with his motion for conditional certification.  He declares he regularly worked over 40 hours per week during his employment at Bailey's (ECF No. 9-1, ¶ 6, PageID #72) and submitted several

3

paystubs in support (ECF No. 9-2). His motion focuses on a particular alleged policy of Bailey's by which he and others were deprived of overtime compensation. According to Plaintiff, Bailey's management told him not to submit travel time from the worksite to the shop at the end of the workday because Bailey's does not pay for that time. (ECF No. 9-1, ¶ 9 & 12, PageID #72.) He provides specific examples of worksites he traveled to during his employment and one map showing the travel time between Bailey's premises and one of the worksites. (ECF No. 9-1, ¶ 11, PageID #73; ECF No. 9-3.)

Mr. King claims to know of other Bailey's plumbers and employees with similar job titles or duties at Bailey's who were subjected to the same pay practices because they "worked under the same terms, I spoke to them about the way we were paid, I spoke to them about our duties, I worked alongside them, and I observed them while they completed their duties and completed their timesheets." (ECF No. 9-1, ¶ 14, PageID #73.)

### C. Plaintiff's Individual Claims

In addition to bringing collective action claims for Defendants' alleged violations of the Fair Labor Standards Act and State overtime laws, Plaintiff asserts individual claims for retaliation and conversion in the amended complaint. (ECF No. 17, ¶¶ 63–79, PageID #165–67.) Plaintiff alleges that Defendants have not called him back to work because he brought this lawsuit against them and that Defendants have wrongfully retained possession of his tools and equipment.

## STATEMENT OF THE CASE

Plaintiff filed this action on March 16, 2020 and moved for conditional certification on April 29, 2020. Upon reassignment, on December 15, 2020, Plaintiff's motion had been pending for seven months. Defendants oppose Plaintiff's motion. (ECF No. 11.) The Court permitted Defendants to supplement their opposition after Plaintiff amended the complaint. (ECF No. 18.) Defendants raise two main issues with Plaintiff's request for conditional certification. First, Plaintiff has not provided evidence of any potential plaintiff who wishes to opt into this action. Second, Plaintiff's claims require an individualized inquiry not suitable for a collective action. (ECF No. 11, PageID #92–95.)

In the event the Court grants conditional certification, Defendants oppose some content in Plaintiff's proposed notice to potential plaintiffs who were employees or former employees. First, they argue notice should only be sent to employees and former employees from the last two years, as opposed to the three Plaintiff requests. (ECF No. 11, PageID #95–96.) Second, Defendants argue the proposed notice fails to include certain pertinent information and provides for a longer than necessary opt-in period during which potential plaintiffs must file their written consent with the Court if they wish to participate in the lawsuit. (ECF No. 11, PageID #99–100.) Finally, Defendants argue Plaintiff's request for telephone numbers of current and former employees of Defendants is overly broad and not necessary to notify potential plaintiffs. (ECF No. 11, PageID #98–99.)

## ANALYSIS

"The Fair Labor Standards Act requires employers to pay overtime to most employees who work more than 40 hours a week." *Pierce v. Wyndham Vacation Resorts, Inc.*, 922 F.3d 741, 745 (6th Cir. 2019) (citing 29 U.S.C. § 207(a)(1)). When employers do not comply with its requirements, the Act authorizes collective actions "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Where a court certifies a collective action, other employees who seek to join the collective class must opt into the litigation by filing a written consent with the court. *Id.*

Before a collective class may be certified, the lead plaintiffs must show "that the proposed class members are similarly situated" to them. *Fortney v. Walmart, Inc.*, No. 2:19-cv-4209, 2021 WL 221996, at *2 (S.D. Ohio Jan. 22, 2021) (quoting *Casarez v. Producers Serv. Corp.*, No. 2:17-cv-1086, 2018 WL 2389721, at *2 (S.D. Ohio May 25, 2018)). Whether the plaintiff has identified similarly situated class members is determined in two phases that are governed by two different standards. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). First is conditional certification, which is conducted at the start of discovery. *Id.* Second is final certification, which is conducted after discovery concludes. *Id.* If conditional certification is granted, defendants may move for decertification after discovery. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009), *abrogated in part on other grounds*, *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160, 165–66 (2016).

This lawsuit is in the early stages, and Plaintiff seeks conditional certification. The purpose of conditional certification is "to provide notice and opportunity to opt in" to the lawsuit. *Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 357 (S.D. Ohio 2006). At the conditional phase, the plaintiff need only make "a modest factual showing" that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47. Conditional certification does not permit the Court to examine the merits of the case. *Barker v. Stark Cnty.*, No. 5:19CV276, 2020 WL 1288807, at *2 (N.D. Ohio Mar. 18, 2020) (citing *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 826 (N.D. Ohio 2011)). In contrast to final certification, the standard for conditional certification is "fairly lenient . . . and typically results in conditional certification of a representative class." *Comer*, 454 F.3d at 547.

Although the Sixth Circuit has not spoken on the issue, most district courts within this Circuit "have held that plaintiff's evidence on a motion for conditional certification need not meet the same evidentiary standards applicable to motions for summary judgment because to require more at this stage of litigation would defeat the purpose of the two-stage analysis under Section 216(b)." *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 770 n.6 (N.D. Ohio 2015) (quoting *Monroe v. FTS USA, LLC*, 257 F.R.D. 634, 639 (W.D. Tenn. 2009)) (cleaned up). This is because "[a] conditional certification action occurs at the outset of discovery, not at the close of discovery, and therefore the admissible evidence standard for summary judgment motions should not apply." *Id.* at 247 (citations omitted). Accordingly, evidence that

others are similarly situated to the lead plaintiff need not be admissible at this preliminary phase. *Jesiek v. Fire Pros, Inc.*, 275 F.R.D. 242, 246 (W.D. Mich. 2011) (considering potential hearsay in the plaintiffs' declarations on conditional certification).

Against this backdrop, Plaintiff's motion raises three issues: (1) whether Mr. King is similarly situated to proposed class members to permit conditional class certification; (2) if so, whether the Court should approve the proposed notice and consent forms submitted; and (3) whether Defendants must provide the phone numbers of potential plaintiffs through opt-in discovery.

## I. Conditional Certification

Plaintiff's request for conditional certification depends on whether there is sufficient evidence, at this preliminary stage, that he is similarly situated to other Bailey's employees. The Court finds that there is. The "similarly situated" inquiry under the Fair Labor Standards Act is less stringent than the class certification requirements under Rule 23. *O'Brien*, 575 F.3d at 584–85. The Act does not define "similarly situated," but the Sixth Circuit has provided some guidance on what the term means. It holds "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien*, 575 F.3d at 585. In addition, employees may be similarly situated if their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.*

The complaint and Mr. King's declarations are sufficient to certify a collective class conditionally. Mr. King claims he is similarly situated to other Bailey's plumbers and those with similar duties, including plumbing helpers, apprentices, and laborers, who were required to travel back to the business premises at the end of the day. Plaintiff asserts he and the proposed class were subject to the same unlawful policy where they were required to travel back to the business, but were not compensated for that time, and were not paid for any resulting overtime hours worked. In support, Mr. King submitted a sworn declaration, copies of his paystubs reflecting overtime worked, and a map showing the distance between one former worksite and Bailey's premises.

The allegations and Mr. King's declaration demonstrate the proposed collective class members perform similar job functions, are subject to the same travel time payment policy, and were not compensated for overtime hours. Mr. King declares he discussed Bailey's pay policy with other Bailey's employees and how they were paid and observed coworkers complete their duties and timesheets. Further, Mr. King's estimate that the proposed class only consists of 10 members at a single office location, as opposed to hundreds or thousands of employees across nationwide offices, lends credibility to his claims of personal knowledge regarding Bailey's travel time policy and its impact on other plumbing employees. His declaration, therefore, supports that he and the proposed class were subject to a common policy, which permits the conditional conclusion that they are similarly situated. *Whalen v. Degroff Indus.*, No. 1:17-cv-2092, 2017 WL 5588868, at *2–3 (N.D. Ohio Nov. 21, 2017)

9

(granting conditional certification based on single named plaintiff's paychecks and declaration that she spoke with other employees who also had five dollars deducted from each of their paychecks); *see also Rembert v. A Plus Home Health Care Agency LLC*, No. 2:17-cv-287, 2018 WL 2015844, at *2 (S.D. Ohio May 1, 2018) (finding a single affidavit or declaration can "set forth sufficient facts from which the court may reasonably infer the existence of other employees who were subject to the same wage and work hours policy as plaintiff").

Defendants acknowledge the lenient standard for granting conditional class certification, but argue Mr. King has not met that standard. None of their arguments merits denial of conditional certification.

### I.A. Sufficient Interest

Defendants argue Plaintiff failed to identify other employees sufficiently interested in joining the lawsuit. (ECF NO. 11, PageID #92–94). But plaintiffs "are not required to provide a showing of interest prior to conditional certification." *Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 896 (S.D. Ohio 2018) (collecting cases); *see also Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 840 (N.D. Ohio 2011). "The Sixth Circuit has neither required such a showing, nor held that such a showing is not required." *Jesiek*, 275 F.R.D. at 247 (citation omitted). Further, Plaintiff's retaliation claim in the amended complaint suggests one possible reason why other plaintiffs have not yet come forward and permits the Court to excuse the lack of evidence that other potential plaintiffs will opt in. *Jesiek* at 247.

**I.B. Individualized Inquiry**

Defendants argue conditional certification is improper because the lawsuit is premised on Plaintiff's individual claims, which lack the requisite evidence to find others are similarly situated. (ECF No. 11, PageID #94–95; ECF No. 18, PageID #171–72). In support, Defendants direct the Court to *Steffen v. Contract Sweepers*, No. 2:17-cv-579, 2018 WL 1755332 (S.D. Ohio Apr. 12, 2018). This case, as Plaintiff points out, is not quite the same as *Steffan*. In *Steffen*, the plaintiff seeking conditional certification declared, generally, that "[a]ll the hourly, non-exempt equipment operators at CSE-Columbus are subject to the same policies and procedures." *Steffen* at *3. He explained the policy and alleged an FLSA violation, but did not offer evidence that other equipment operators were subject to the same policy. *Id.* Further, the *Steffen* Court acknowledged that plaintiffs seeking conditional certification are not required to submit affidavits by other similarly situated employees "and that courts routinely grant conditional certification on the basis of only one or two declarations." *Steffen* at *4.

The *Steffen* Court denied conditional certification because Steffen failed to provide a basis for his declaration that other employees were similarly situated. *Id.* In contrast, Plaintiff has done just that. His declaration provides a basis for his claim that other Bailey's employees are similarly situated. Specifically, he declares he personally spoke with other employees about how they were paid and observed them perform similar duties. (ECF No. 9-1, ¶¶ 13–15, PageID #73.)

Defendants argue Mr. King's statements are mere speculation and that he "ignores the important reality that not all employees work the same number of hours

11

a week nor are they paid the same amount each week." (ECF No. 18, PageID #172.) Still, Plaintiff has alleged and provided evidence that all ten potential class members' claims are unified by a common theory that Defendants did not pay plumbing employees for travel time back to the business premises at the end of the day. Plaintiffs may be similarly situated where their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585.

Accordingly, Defendants' argument that Mr. King's claims are too individualized to satisfy the modest factual showing required for conditional certification is unavailing. Defendants' concerns are more appropriately addressed during the second certification phase, after the record is more fully developed. *Ouellette v. Ameridial, Inc.*, No. 5:16-cv-2144, 2017 WL 2972636, at *3 (N.D. Ohio July 12, 2017) ("During the second step, courts have discretion to make a thorough finding regarding the "similarly situated" requirement, based upon a more fully developed record." (citation omitted)); *White v. MPW Indus. Servs.*, 236 F.R.D. 363, 373 (E.D. Tenn. 2006) (differences in the amount of unpaid travel time did not defeat conditional certification).

Defendants also argue Plaintiff's individual claims for retaliation and conversion show he is attempting to transform individual claims into a collective action. The individual claims in the amended complaint reflect Defendants' alleged actions after Plaintiff filed the original complaint. Their presence alone does not work in the other direction, making collective claims into individual ones.

12

In sum, Plaintiff has provided sufficient evidence to meet his fairly lenient burden of showing he is similarly situated to Bailey's current and former employees. Mr. King's declaration supports that proposed class members were all subject to a common policy whereby Defendants did not pay them for travel time from the day's worksite back to the business premises and did not compensate them for overtime hours. The Court therefore finds conditional certification is appropriate.

## II. Plaintiff's Proposed Notice

Where conditional certification is granted, courts may facilitate collective actions under the Fair Labor Standards Act by authorizing notice of the suit to potential plaintiffs. *Hoffmann–La Roche, Inc., v. Sperling*, 493 U.S. 165, 169 (1989) (discussing the FLSA as incorporated into the ADEA). The Act "grant[s] the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Id.* at 170. Courts supervise notice to provide potential plaintiffs "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.*

Defendants request that, if conditional certification is granted, the Court revise Mr. King's proposed notice of suit. In particular, they take issue with (1) the statute of limitations; (2) the lack of notice of potentially paying Defendants' costs; (3) the lack of notice of the right to retain counsel; and (4) the length of the opt-in period.

### II.A. Statute of Limitations

The parties dispute whether notice should be sent to potential class members from the last two or three years. A collective action under the Fair Labor Standards Act must be "commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years." 29 U.S.C. § 255(a). A violation is willful where an employer knew or recklessly disregarded the fact that its conduct violated the Act. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Plaintiff seeks to send notice to potential class members employed at Bailey's within the last three years. Defendants argue a three-year statute of limitations is inappropriate because Plaintiff has not demonstrated a willful violation. (ECF No. 11, PageID #95–96.)

At conditional certification, courts do not determine willfulness. Instead, at this preliminary phase, "courts have determined that the relevant discovery period should be three years and that discovery will confirm whether or not willfulness existed." *Heaps v. Safelite Sols., LLC*, No. 2:10-cv-729. 2011 WL 1325207, at *6 (S.D. Ohio Apr. 5, 2011) (citing *Iglesias–Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 369 (S.D.N.Y. 2007); *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 240 (N.D.N.Y. 2002)). Accordingly, "absent proof to the contrary, an FLSA plaintiff may pursue a claim that the defendant's alleged FLSA violations were willful and thus subject to a three-year statute of limitations under 29 U.S.C. § 255." *McCullen v. Toledo Country Club*, No. 3:18-cv-276, 2019 WL 90809, at *2 (N.D. Ohio Jan. 3, 2019). Accordingly, Defendant's objection is not well taken, and the Court will permit notice to potential class members for the last three years.

However, the Court must modify Plaintiff's proposed notice. Plaintiff seeks to send notice to similarly situated former employees of Bailey's for the "three years preceding the commencement of this action [March 16, 2017] to the present. (ECF No. 17, ¶ 46, PageID #162; *see also* ECF No. 9-4, PageID #83.) But "[c]ourts in the Sixth Circuit have found that class certification is appropriately limited to three years prior to the date of approval of the notice, and not the filing of the lawsuit." *Roberts v. J.R. Eng'g, Inc.*, No. 5:19-CV-00110, 2019 WL 5653340, at *9 (N.D. Ohio Oct. 31, 2019) (quoting *Crescenzo v. O-Tex Pumping, LLC*, No. 15-CV-2851, 2016 WL 3277226, at *5 (S.D. Ohio June 15, 2016)). Accordingly, "the conditional certification should count back from the date of this Order, not the filing of Plaintiff's suit." *Id.*

### II.B. Potential Liability for Defendants' Costs

Defendants argue the proposed notice is deficient because it does not inform potential plaintiffs that they may be liable for Defendants' costs if Defendants prevail. (ECF No. 11, PageID #97.) "[T]he likelihood that potential opt-in plaintiffs will eventually find themselves liable to pay Defendant's attorney's fees is slight, and notifying potential opt-ins of that remote possibility may unfairly chill potential opt-in participation than otherwise." *Headspeth v. TPUSA, Inc.*, No. 2:19-cv-2062, 2020 WL 4577491, at *1 (S.D. Ohio July 23, 2020) (quoting *Crescenzo*, 2016 WL 3277226, at *6). Therefore, the Court declines to require this language in the notice.

### II.C. Right to Retain Counsel

Defendants point out the proposed notice "fails to inform potential opt-in parties that they have the right to retain counsel of their own choosing." (ECF No. 11, PageID #97.) Plaintiff agrees to add the statement: "You also have the option to

15

retain an attorney of your own choice' as the second sentence under the 'Your Legal Representation if You Join' section of the notice." (ECF No. 12, PageID #111 (citing ECF No. 9-4, PageID #84).) Whether potential plaintiffs should be notified of their right to retain counsel is left to the Court's discretion. *Gomez v. ERMC Prop. Mgmt. Co., LLC*, No. 3:13-cv-01081, 2014 WL 3053210, at *3 (N.D. Ohio July 7, 2014) (collecting cases). Considering that the parties agree potential plaintiffs should be given notice of their right to retain counsel, the Court orders Plaintiff to revise the proposed notice accordingly.

### II.D.  Length of the Opt-In Period

Plaintiff proposes potential plaintiffs be given 60 days from receiving notice to opt into the lawsuit. Defendants request the opt-in period be reduced to 45 days. (ECF No. 11, PageID #99–100.) Plaintiff agrees to reduce the opt-in period to 45 days. (ECF No. 12, PageID #111.) Given the parties' agreement, and Plaintiff's estimate that the class consists "of approximately 10 persons" (ECF No. 17, PageID #162), the Court agrees a 45-day opt-in period is sufficient. Plaintiff shall revise and resubmit the notice accordingly.

### II.E.  Consent Form

Plaintiff also submitted a proposed consent form for opt-in Plaintiffs. (ECF No. 9-5.) Defendants do not object to the proposed consent form, and the Court finds it straightforward and easy to complete.

*   *   *

Subject to the above-noted revisions to the proposed notice, the Court anticipates approving the content of Plaintiff's notice and consent form. The Court

orders the parties jointly to submit updated forms complying with this ruling within 14 days of the date of this order.

### III. Discovery of Phone Numbers

Finally, Defendants argue they should not be required to provide Plaintiff with the last known telephone number of all potential opt-in plaintiffs. (ECF NO. 11, PageID #98.) They admit, however, that Plaintiff's motion merely "suggests" a request for phone numbers. (*Id.*) Further, Plaintiff agrees "telephone numbers of potential opt-ins are not necessary under the circumstances of this case . . . ." (ECF No. 12, PageID #111.) Given the parties' agreement, the Court need not address the issue further. Defendants shall provide the requested opt-in discovery within 14 days of the date of this Order.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's request for conditional certification, opt-in discovery, and Court-supervised notice (ECF No. 9). The Court **GRANTS** conditional certification. The Court hereby certifies the following collective class:

> All present and former hourly plumbing employees and employees with similar job titles or duties (including plumbing helpers, apprentices, and laborers) of Bailey's Quality Plumbing and Heating LLC during the period of three years preceding the date of this Order.

The Court **GRANTS** the request for opt-in discovery. The Court **ORDERS** Defendants to provide Plaintiff's counsel with the name and last known home address (including zip code) of all current and former plumbing and similar hourly employees

of Defendants, any time during the three-year statutory limitation period within 14 days from the date of this Order.

The Court **GRANTS** the request for supervised notice, but **DENIES** the notice as proposed. In light of this Order, the parties shall jointly file a revised proposed notice and consent form and a plan for their distribution within 14 days of the date of this Order.

**SO ORDERED.**

Dated: March 11, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio