UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD L. KING II, | ) | CASE NO. 5:20-cv-00571 |
| | ) | |
| *On behalf of himself and all others similarly situated,* | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BAILEY'S QUALITY PLUMBING AND HEATING LLC, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## AGREEMENT OF SETTLEMENT AND RELEASE

**WHEREAS**, on March 16, 2020 Representative Plaintiff Richard L. King II commenced an action against Defendants Bailey's Quality Plumbing and Heating LLC and Philip Lee Bailey seeking relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. §§ 4111.01, *et seq.* (Case No. 5:20-cv-00571); and

**WHEREAS**, Defendants Bailey's Quality Plumbing and Heating LLC and Philip Lee Bailey vigorously denied any wrongdoing with respect to the subject matter of the lawsuit; and

**WHEREAS**, uncertainty exists as to Defendants Bailey's Quality Plumbing and Heating LLC's and Philip Lee Bailey's potential liability, if any, and the nature and amount, if any, of damages owed to Representative Plaintiff and other Settlement Opt-In Plaintiffs; and

**WHEREAS**, Plaintiff and his lawyers have determined, based upon all the facts and circumstances underlying this litigation, that the settlement described herein is fair, reasonable, and equitable; and

**WHEREAS**, Defendants Bailey's Quality Plumbing and Heating LLC and Philip Lee Bailey, while continuing to deny any liability or wrongdoing, desire to resolve this lawsuit in order to avoid further litigation risks and delays and to avoid future expense, inconvenience, and interference with ongoing business operations; and

**WHEREAS**, this settlement reflects a compromise reached after arms-length bargaining through third-party Mediator and Honorable Magistrate Thomas M. Parker and shall not be construed as an admission or concession by any Party as to the truth or validity of any substantive or procedural allegation, claim, or defense asserted in this or any other action or proceeding; and

**WHEREAS**, this Agreement is subject to and conditioned upon approval by the Court and the other conditions specified herein; and

**NOW, THEREFORE**, it is hereby **STIPULATED** and **AGREED** by and between the undersigned Parties that the Action is settled, subject to the Court's approval, pursuant to the following terms and conditions:

1. **Definitions.**

"**Action**" means the above-captioned litigation, N.D. Ohio Case No. 5:20-cv-00571.

"**Agreement**" means this Agreement of Settlement and Release, inclusive of all attachments.

"**Court**" means the United States District Court for the Northern District of Ohio.

"**Consent Form**" means the Opt-In Consent Form and Release attached as Exhibit B.

"**Defendants**" means Bailey's Quality Plumbing and Heating LLC and Philip Lee Bailey.

"**Defense Counsel**" means Attorneys Jazmyn J. Stover, Scott W. Gedeon, and Lauren Tompkins of FISHER & PHILLIPS LLP (200 Public Square, Suite 4000 Cleveland, Ohio 44114).

**"Effective Date"** means the date all of the following have occurred: (1) the Court has entered an order and judgment granting approval of a motion for approval of settlement, approving this Agreement, and dismissing the Action with prejudice; and (2) the judgment has become "Final." "Final" means the later of: (a) the expiration of the time for seeking rehearing, reconsideration, and/or appeal (including any extension of time for appeal) without any such actions being taken, or (b) if rehearing, reconsideration, appellate review and/or extension of time for seeking appellate review is sought, 30 days after any and all avenues of rehearing, reconsideration, appellate review, and/or extension of time have been exhausted.

**"Settlement Approval Date"** means the date on which the Court enters the Settlement Approval Order.

**"Settlement Approval Order"** means the order entered by the Court approving the Settlement pursuant to the FLSA, 29 U.S.C. § 216(b), and dismissing the Action with prejudice.

**"Net Settlement Fund"** means $140,000.00 minus the Court-approved payments to Plaintiff's Counsel for all attorney's fees and litigation costs/expenses, the service award to Representative Plaintiff, and the payment pertaining to Representative Plaintiff's individual Conversion Claim pursuant to Paragraphs 9, 10, and 11. If the Court approves all requested payments to Plaintiff's Counsel and the Representative Plaintiff, the Net Settlement Fund will be $65,000.00.

**"Notice Form"** means the form attached as Exhibit A.

**"Settlement Opt-In Plaintiffs"** means Representative Plaintiff and all other persons who join this Action pursuant to the FLSA, 29 U.S.C. § 216(b), by signing and returning a Consent Form attached as Exhibit B, and whose names are listed on the Individual Payments Allocation Schedule (along with the Representative Plaintiff) attached as Exhibit C.

"**Parties**" means Plaintiff and Defendants.

"**Plaintiff's Counsel**" means Attorneys Joseph F. Scott, Ryan A. Winters and Kevin M. McDermott II of SCOTT & WINTERS LAW FIRM, LLC (The Caxton Building, 812 Huron Rd. E., Suite 490, Cleveland, OH 44115).

"**Potential Opt-Ins**" means all present and former hourly plumbing employees and employees with similar job titles or duties (including plumbing helpers, apprentices, and laborers) of Bailey's Quality Plumbing and Heating LLC from March 16, 2018 to September 1, 2021 and who are listed on the Individual Payments Allocation Schedule (along with the Representative Plaintiff) attached as Exhibit C.[1]

"**Representative Plaintiff**" means Richard L. King II.

"**Settlement Approval Date**" means the date on which the Court enters the anticipated order approving the Settlement and authorizing distribution of the Notice Form and Consent Form to the Potential Opt-Ins who may join this matter pursuant to the FLSA, 29 U.S.C. § 216(b).

"**Settlement Share**" means, for each Settlement Opt-In Plaintiff, the amount listed on the Individual Payments Allocation Schedule (including the Representative Plaintiff's Settlement Share) attached as Exhibit C.

"**Released Claims**" means all claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, asserted or unasserted, whether anticipated or unanticipated, and asserted in or related to the facts alleged in the Action against Bailey's Quality Plumbing and Heating LLC and Philip Lee Bailey, including, but not limited to, all such claims seeking unpaid wages under the FLSA, 29 U.S.C. §§

---

[1] Based on the prior representations of Defendants, the individuals meeting this defining are Garrett Kornacki, Jack Sams, Lookab Budet, Mark Smith, Mathew Deeken, Nick Esterle, Noah Donaldson, Phillip Bushong, Richard L. King II, Ryan Beavers, Ryan Jacquet, Saady A. Suazo, and Timothy Estes

201, *et seq.*, Ohio Const. Article II, Section 34a, and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. §§ 4111.01, *et seq.*, or any other federal, state, or local statute, regulation, ordinance, or common law legal theory for overtime, other wages, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief.

**"Released Parties"** means Bailey's Quality Plumbing and Heating LLC and all its past, present, or future parents, subsidiaries, affiliates or related companies, successors, and predecessors, as well as its respective past, present, and future owners, officers, directors, agents, successors, administrators, executors, and assigns; and Philip Lee Bailey and his successors, heirs, spouses, administrators, executors, and assigns.

**"Settlement"** means the terms, conditions, and obligations described in this Agreement.

**"Settlement Opt-In Plaintiffs"** shall mean the persons who are listed on the Individual Payments Allocation Schedule (along with the Representative Plaintiff) attached as Exhibit A and who opt into Case No. 5:20-cv-00571 by submitting a Consent Form and Release attached as Exhibit B.

2. **Conditions Precedent**. This Settlement is conditioned on the Court's entry of the Settlement Approval Order and passage of the Effective Date.

3. **Maximum Settlement Amount**. Defendants' maximum payment under this Settlement is $140,000.00 plus any payroll taxes (such as, for example, the employer's share of federal, state and local taxes, worker's compensation insurance, unemployment insurance, or the employer's social security contributions) ordinarily borne by employers pursuant to normal payroll practices.

4. **Release**. Upon passage of the Effective Date, all Settlement Opt-In Plaintiffs release and forever discharge the Released Parties (as defined above) from the Released Claims (as defined above).

5. **Notice to Potential Opt-Ins.** Within 14 calendar days after the Settlement Approval Date, Defense Counsel will send to Plaintiff's Counsel an Excel spreadsheet containing the name, last known residential address, and personal email address of each Potential Opt-In. Within 28 calendar days after the Settlement Approval Date, Plaintiff's Counsel will mail the Notice and Consent Form to each Potential Opt-In. If the Postal Service returns any Notice and Consent Form to the Plaintiff's Counsel with a forwarding address, Plaintiff's Counsel will promptly mail the Notice and Consent Form to the forwarding address. If the Postal Service returns any package to the Plaintiff's Counsel without a forwarding address, Plaintiff's Counsel will work diligently to obtain an updated address and will promptly re-mail the Notice and Consent Form to any updated address.

6. **Inclusion of Potential Opt-In Plaintiffs in the Settlement.** Potential Opt-Ins desiring to include themselves in the settlement must do so in writing or by completing the Consent Form, and will become Settlement Opt-In Plaintiffs pursuant to this Agreement. Completed Consent Forms must be returned to Plaintiff's Counsel pursuant to the instructions in the Notice and Consent Form and must be postmarked within thirty (30) days after the notice to Potential Opt-Ins initial mailing date.

7. **Filing of Consent Forms.** Executed Consent Forms from eligible Opt-In Plaintiff settlement participants will be filed by Plaintiff's Counsel with the Court. Within seven (7) days after the consent period is completed, all of the Settlement Opt-In Plaintiffs' Consent Forms will have been filed with the Court.

8. **Payments to Settlement Opt-In Plaintiffs**. The Net Settlement Fund of $65,000.00 will be distributed to each of the Settlement Opt-In Plaintiffs in the form of two checks, payable to each of the Settlement Opt-In Plaintiffs, as follows: (a) Settlement Payments to Representative Plaintiff and Settlement Opt-In Plaintiffs distributed as provided in the Individual Payments Allocation Schedule attached as Exhibit A, subject to statutory wage deductions as described below ("Wage Payments"); and (b) liquidated damages as provided in the Individual Payments Allocation Schedule attached as Exhibit A ("Liquidated Damages"). Payments made in accordance with Section 8(a) of this Agreement ("Wage Payments") will be treated as wage payments subject to deduction of the employee share of applicable taxes and withholdings required by federal, state, and local law, and reported to the appropriate taxing authorities on Forms W-2. Defendants will be responsible for the employer share of FICA taxes. Payments made in accordance with Section 8(b) ("Liquidated Damages") shall be treated as non-wage income and reported to the appropriate taxing authorities on Forms 1099.

Within twenty-eight (28) calendar days after the close of the opt-in period, Defense Counsel will send to each of the Settlement Opt-In Plaintiffs via FedEx with tracking two (2) checks for each Settlement Opt-In Plaintiff as provided in the Individual Payments Allocation Schedule attached as Exhibit A based on each Settlement Opt-In Plaintiff's address as submitted on the Consent Form, or if not provided, Defendants' records. If the Postal Service returns any envelope with a forwarding address, Defense Counsel will promptly re-mail the envelope to the forwarding address. If the Postal Service returns any envelope to Defense Counsel without a forwarding address, Defense Counsel will inform Plaintiff's Counsel of the returned mailing, and Plaintiff's Counsel will work diligently to obtain an updated address, and Defense Counsel will promptly re-mail the check to the updated address as provided by Plaintiff's Counsel.

9. **Payment to Plaintiff's Counsel**. Within twenty-eight (28) calendar days after the close of the opt-in period, Defense Counsel will deliver to Plaintiff's Counsel a non-payroll check payable to "SCOTT & WINTERS LAW FIRM, LLC" in an amount approved by the Court and not to exceed $65,000.00 to compensate Plaintiff's Counsel for all attorneys' fees and Plaintiff's counsel's costs and expenses. Defendants will issue to Plaintiff's Counsel an IRS Form 1099 reflecting the payment described in this paragraph, in accordance with applicable law. Plaintiff's Counsel represent that no other counsel have been involved in any aspect of this Action or otherwise have any claim for fees in this Action to Plaintiff's Counsel's knowledge.

10. **Service Award.** Within twenty-eight (28) calendar days after the close of the opt-in period, Defendants will deliver to Plaintiff's Counsel a non-payroll check payable to Representative Plaintiff Richard L. King II in an amount approved by the Court and not to exceed $5,000.00. This service award is in addition to Representative Plaintiff's Settlement Share and additional payment pertaining to Plaintiff Richard L. King II's Conversion Claim. Defendants will issue to Representative Plaintiff an IRS Form 1099 reflecting the payment described in this paragraph, in accordance with applicable law. In consideration of his eligibility for this additional payment described above, Representative Plaintiff, on behalf of himself and his heirs and assigns, hereby releases the Released Parties (as defined above) from any and all legally waivable claims, obligations, causes of actions, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising on or prior to the date Representative Plaintiff executes the Agreement; for the avoidance of doubt, this represents a complete and general release.

11. **Payment Pertaining to Plaintiff Richard L. King II's Conversion Claim**: Within twenty-eight (28) calendar days after the close of the opt-in period, Defendants will deliver

to Plaintiff's Counsel a non-payroll check payable to Representative Plaintiff Richard L. King II in an amount approved by the Court and not to exceed $5,000.00 pertaining to Representative Plaintiff's Richard L. King II's Conversion Claim. This payment is in addition to Representative Plaintiff's Settlement Share and Service Award.

12. **Non-Cashed Settlement Checks and Non-Submitted Consent Forms:**

Settlement checks shall remain negotiable for a 180-day period after the date of distribution. To the extent there are any settlement checks to any Settlement Opt-In Plaintiff that are unclaimed or not distributed, such as undeliverable or uncashed settlement checks, Defense Counsel will advise Plaintiff's Counsel of such amounts. Any amounts not cashed within 180 days of the mailing of the settlement checks shall be retained by Defendants. Upon request, any checks that become lost or void during the 180-day period after the mailing will be reissued to any Settlement Opt-In Plaintiff without charge to the Settlement Opt-In Plaintiff. The Settlement Share for each Potential Opt-In Plaintiff who does not join this Action pursuant to the FLSA, 29 U.S.C. § 216(b), shall be retained by Defendants.

13. **Retention of Settlement Payments:** Any individual payments to eligible Settlement Opt-in Plaintiffs who do not execute and return Consent and Release Forms will be retained by Defendants.

14. **Mutual Non-Disparagement:** Representative Plaintiff Richard L. King II agrees not to make any statements, whether written or oral, nor take any action which would result in the injury or impairment of the reputation or goodwill of Defendants Philip Bailey and Bailey's Quality Plumbing and Heating LLC, its officers, directors, and management employees. Representative Plaintiff Richard L. King II will refrain from making any critical or disparaging statements about Defendants Philip Bailey and Bailey's Quality Plumbing and Heating LLC, its

officers, directors, and management employees. Likewise, Defendant Bailey's Quality Plumbing and Heating LLC, its officers, directors, and management employees agree not to make any statements, whether written or oral, nor take any action which would result in the injury or impairment of the reputation or goodwill of Representative Plaintiff Richard L. King II. Defendant Bailey's Quality Plumbing and Heating LLC, its officers, directors, and management employees will refrain from making any critical or disparaging statements about Representative Plaintiff Richard L. King II. The Parties understand this includes all electronic or social media forums, including but not limited to posts on Facebook, Twitter, or other websites or apps. This paragraph shall not prevent the Parties from making truthful statements in response to a subpoena or under oath or as otherwise required by law.

15. **Dismissal with Prejudice**. Upon approval of this Agreement by the Court, the Action, including the Complaint, will be dismissed with prejudice in its entirety. The Parties will request that the Court retain jurisdiction to enforce this Agreement.

16. **No Representations**. In entering into this Settlement, no Party relies on any statements, representations, or promises not described in this Agreement.

17. **Consent**. Each Party has carefully read and understands this Agreement and has received independent legal advice with respect to the Agreement.

18. **Successors**. This Agreement will inure to the benefit of and be binding upon each Party's heirs, successors, and assigns.

19. **No Assignments**. No Party has assigned or transferred, or purported to assign or transfer, to any other person or entity any rights or interests pertaining to this Action, this Settlement, or this Agreement.

20. **No Presumptions**. This Agreement constitutes a negotiated contract and is the result of negotiation among the Parties. In interpreting this Agreement, there will not be any presumption of interpretation against any Party.

21. **No Admissions**. This Agreement is the result of a compromise between the Parties for the sole purpose of resolving this matter and avoiding the time and expense of further litigation. Nothing set forth in this Agreement, the fact of the Settlement, or any act performed or document executed pursuant to or in furtherance of the Settlement may be construed or used as an admission or evidence of the validity of any claim or allegation, or of any act, omission, liability or wrongdoing on the part of the Released Parties or as supporting certification in any action or proceeding of any kind whatsoever.

22. **Tax Liability**. Defendants, Released Parties, Defense Counsel, and Plaintiff's Counsel make no representations as to the tax treatment or legal effect of the payments called for under this Agreement, and Representative Plaintiff is not relying on any statement or representation by Defendants, Released Parties, Defense Counsel or Plaintiff's Counsel in this regard.

23. **Duty to Defend**. The Parties will comply with the Agreement in good faith, will fully support the Agreement's approval and enforcement, and will defend the Agreement from any legal challenge, whether by appeal or collateral attack. If the Court disapproves the Settlement, the Parties will confer in good faith to modify the settlement terms as reasonably necessary to obtain Court approval.

24. **Warranty of Authority**. Each signatory below warrants and represents that he/she/they is competent and authorized to enter into this Agreement on behalf of the Party for whom he/she/they purports to sign.

25. **Modification**. This Agreement may not be changed, altered or modified, except in a writing signed by the Parties and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with the terms or by a writing signed by the Parties.

26. **Integration Clause**. This Agreement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's counsel, relating to the resolution of the Action, are merged into this Agreement. No oral understandings, statements, promises or inducements contrary to the terms of this Agreement exist. No rights under this Agreement may be waived except in writing signed by the Parties.

27. **Applicable Law.** This Agreement will be governed, enforced, and interpreted according to Ohio law, without regard to choice of law principles.

28. **Further Actions**. Going forward, the Parties will work in good faith to prepare and execute any documents deemed reasonably necessary to consummate, evidence, or confirm the terms of this Settlement and ensure the prompt approval and administration of this Settlement.

29. **Execution**. This Agreement may be executed in counterparts, including, without limitation, by facsimile transmission, electronic signature, or by transmission of a PDF or other similar file via e-mail. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, including, without limitation, those sent by facsimile transmission, electronic signature, or by transmission of a PDF or other similar file via e-mail, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

IN WITNESS WHEREOF, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

**RICHARD L. KING II:**

By: _____    Date: Jan 3, 2022
Richard L King (Jan 3, 2022 16:51 EST)
**Richard L. King II**


**BAILEY'S QUALITY PLUMBING AND HEATING LLC:**

By: _____    Date: _____

Name: _____

Title: _____


*On Behalf of* **the Estate of PHILIP LEE BAILEY:**

By: _____    Date: _____

Name: _____

Title: _____